UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| MIDWEST EMPLOYERS CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LEGION INSURANCE COMPANY (IN LIQUIDATION), <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 4:07-cv-00870-CDP |

## [PROPOSED] ORDER OF CONFIDENTIALITY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that certain information disclosed by MECC shall be held as confidential and shall not be disclosed to anyone not authorized under this Order of Confidentiality ("Protective Order") to receive the same. The Court ORDERS as follows:

1. "Confidential Information," as used herein, shall mean:

    (a) Confidential financial information not available on statutory financial statements (*e.g.* bank account numbers and wiring instructions);

    (b) Confidential claim information, such as health information of claimants protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA); and

    (c) MECC's actuarial analyses and supporting data, including reserving analyses and pricing analyses.

2. Confidential Information shall only be provided to Qualified Persons described in subparts (a) through (l) of Paragraph 3.

3. "Qualified Persons" for Confidential Information marked as "Confidential" are:

   (a) The parties to this action;

   (b) Outside attorneys of record for the parties retained specifically for this litigation, including any employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   (c) Independent experts or consultants, including consulting experts, retained by the parties and/or counsel and to the extent such experts or consultants agree to be bound by the terms of this Protective Order and who have executed the Acknowledgment and Consent to Be Bound in the form attached as Exhibit "A" hereto;

   (d) The Court, other Court officials (including Court reporters) and the trier of fact, pursuant to a sealing order;

   (e) Officers, directors and employees of either party to this litigation, to the extent disclosure is reasonably designed to assist in the prosecution or defense of this litigation;

   (f) Former employees of any party to the extent disclosure is reasonably designed to assist in the prosecution or defense of this litigation, will be Qualified Persons if they sign the Acknowledgment and Consent to Be Bound attached to this Protective Order;

   (g) Employees of copying, imaging, coding, document management or trial preparation services utilized by any party with respect to this litigation, will be Qualified Persons if they sign the Acknowledgment and Consent to Be Bound attached to this Protective Order;

(h) To the extent reasonably designed to assist in the prosecution or defense of claims or defenses in this litigation; (i) persons called to testify, or whom a party reasonably may be called to testify, in the trial of this litigation or a deposition or hearing in this litigation; and (ii) persons who have submitted, or whom a party reasonably anticipates may submit, an affidavit in connection with a motion in this litigation;

(i) A party's reinsurers or retrocessionaires, reinsurance intermediaries, and outside and in-house auditors, to the extent necessary for this litigation;

(j) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(k) Regulators or taxing authorities with responsibility for oversight of any party in this litigation, to the extent required by applicable law or regulations; and

(l) If the Court so holds, any person may be designated as a Qualified Person by order of the Court, after a hearing of which all parties had reasonable notice.

4. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of discovery and case proceedings, such as hearings, depositions, trial and/or appeal in this litigation and for no other purpose whatsoever, including without limitation, business, governmental, commercial or judicial purposes. Confidential Information shall not be disclosed to any person except in accordance with the terms hereof. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

5. With respect to documents deemed by MECC to contain Confidential Information, other than deposition transcripts and exhibits, MECC or its counsel may designate such documents as "Confidential" by stamping or otherwise clearly marking as "Confidential" the first page of a document or by marking on the portion of a document containing Confidential Information the word "Confidential."

6. Information disclosed at (a) the deposition of MECC or one of its former or current officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, which information pertains to a party, may be designated as "Confidential" on the record at the deposition and is subject to this Protective Order. Nothing in this Protective Order shall confer on any party or person the right to withhold discoverable testimony solely on the basis that it is or contains Confidential Information, provided the requirements for preserving the confidentiality of information under this Protective Order are satisfied. Alternatively, MECC may designate information disclosed at such deposition as "Confidential" by notifying the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript. Should any party need to file all or a portion of such deposition transcript(s) prior to the expiration of the thirty-day period, the party shall file such transcript(s) or portion(s) thereof, under seal, as provided in Paragraph 15 herein.

7. Each Qualified Person who has access to Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

8. Each party's outside counsel shall maintain the originals of all Acknowledgement and Consents to Be Bound signed by any Qualified Persons.

9. Failure to designate material or information as "Confidential" shall not be deemed a waiver of any privilege or claim of confidentiality applicable to any documents, testimony or evidence if MECC subsequently designates it as "Confidential."

10. This Protective Order shall not be deemed a waiver of MECC's right to use its own documents and its own "Confidential" material in its sole and complete discretion.

11. To the extent documents are inspected prior to copying, they shall be treated as "Confidential" during inspection.

12. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if MECC consents to such disclosure in writing, or if the Court, after notice to all affected parties, orders such disclosure.

13. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, *e.g.*, production of redacted copies. If the dispute cannot be resolved informally, the objecting party may object in writing. The writing shall provide, at a minimum, a description of the material the objecting party believes should be freed from the constraints of this Protective

Order and the rationale why the material should not retain its designation of "Confidential." The opposing party shall be required to move the Court for an order preserving the designated status of such information within twenty-one (21) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The filing of a motion preserves the designated status of this information until a decision by the Court. Should the Court find it necessary for resolution of a motion under this Paragraph, the information and/or documents shall be submitted *in camera* to the Court.

14. No documents containing Confidential Information shall be filed with the Clerk of the Court. In the event a party wishes to use any Confidential Information in affidavits, briefs, memoranda of law, or other documents requiring the Court's review, such documents shall be submitted to the Court *in camera* in a sealed envelope bearing the caption of the case, the case number, the title of the document to which the submitted Confidential Information pertains, and the date of that filing. After the Court's review, the *in camera* item(s) will be returned by the Court to the producing party, who shall maintain the submission intact for any further review. A redacted copy of any such document shall be filed with the Clerk of Court for the record.

15. Within sixty (60) days after the final conclusion of this litigation, inclusive of any appeal thereof, any party that has received Confidential Information from MECC pursuant to this Protective Order shall destroy all copies of the Confidential Information so received, except copies of any papers or exhibits that have been filed in or admitted into evidence in this litigation and that are not subject to a sealing order of the Court.

16. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation.

17. It is the responsibility of the attorney of record to employ reasonable measures, consistent with this Protective Order, to control duplication of and access to Confidential Information.

18. Nothing in this Protective Order shall be construed to control the use, dissemination, publication or disposition by any party of the documents or information received by that party outside the course of the discovery process in this litigation, or documents or information which are or become publicly available through means other than disclosure in this litigation, provided however, that any documents received from MECC prior to this litigation that relate to the subject matter of this litigation and which had been previously marked as confidential at the time of production or which had been produced subject to a confidentiality provision or agreement, shall be treated as confidential to the extent the producing party designates such information "Confidential" during the course of this litigation.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2008.

The Honorable Catherine D. Perry
United States District Judge