UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST EMPLOYERS CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:07CV870 CDP |
| LEGION INSURANCE COMPANY (in liquidation), | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Midwest Employers Casualty Company provided reinsurance to defendant Legion Insurance Company. The parties dispute the terms of the reinsurance agreements that existed between them, and Midwest has filed suit against Legion seeking a declaratory judgment from this Court as to the terms of the reinsurance policies. Midwest has moved for summary judgment on two of the three counts in its complaint. Because I conclude that genuine issues of material fact preclude entry of summary judgment, Midwest's motion will be denied.

Background and Discussion

The disputes between the parties center around 43 separate reinsurance certificates issued by Midwest between 1994 and 2001 to provide reinsurance coverage to Legion. Midwest contends that the plain language of the 43

certificates establishes two things. First, the certificates provide coverage on a "loss occurring basis" and not a "risk attaching basis." Second, the certificates on their face do not contain any agreement to arbitrate disputes arising under the certificates, and thus Midwest cannot be compelled to arbitrate its claims. Midwest contends that the language of the certificates represent the sole, complete, and integrated agreements between the parties. Thus, argues Midwest, the parol evidence rule and the statute of frauds prohibit any consideration of any oral agreement or understanding that might contradict the plain language of the certificates.

Legion counters by asserting that the certificate terms are actually boilerplate language that was mistakenly attached to the agreements, and this boilerplate does not actually represent the true agreement or understanding of the parties. Rather, the course and conduct of the parties' dealings with one another, as well as numerous written communications between the parties, demonstrate that the parties did not intend to be bound by the boilerplate wording of the certificates.

The dispute of material fact is apparent on its face. A valid contract between parties requires a showing of a definite offer and unequivocal acceptance, so that it can be shown objectively that the parties' minds met and they assented to all essential terms. *Volker Court, LLC v. Sante Fe Apartments*, LLC, 130 S.W.3d

607 (Mo. Ct. App. 2004). I cannot say as a matter of law on the record before me that these parties had an objective meeting of the minds. There are genuine disputes of material fact as to what the parties said and understood in their course of dealing with one another. Therefore, Midwest's motion for summary judgment will be denied and this case will remain set for trial. Parties are reminded that their pretrial submissions are due no later than 20 days before trial.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#58] for summary judgment is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2009.